UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLE KARLA JACKSON, | CASE NO. 1:18CV421 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Kimberle Karla Jackson ("Plaintiff") requests judicial review of the decision of the Commissioner of Social Security Administration ("Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on May 25, 2018, Plaintiff asserts that the administrative law judge ("ALJ") issued a decision that is not supported by substantial evidence. ECF Dkt. #14. Defendant filed a response brief on June 22, 2018. ECF Dkt. #15. Plaintiff filed a reply brief on July 6, 2018. ECF Dkt. #16.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI in September 2014 alleging a disability onset date of August 12, 2010. ECF Dkt. #11 ("Tr.") at 240.[2] The applications were denied initially and upon reconsideration. *Id.* at 156, 175. Plaintiff then requested a hearing before an ALJ,

---

[1] On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2] All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

which was held on March 1, 2017. *Id.* at 41. At the hearing, Plaintiff amended her alleged onset date to June 4, 2013. *Id.* at 45. On May 3, 2017, the ALJ issued a decision concluding that Plaintiff was not disabled. *Id.* at 19. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. Accordingly, the decision issued by the ALJ on May 3, 2017, stands as the final decision.

The instant suit was filed by Plaintiff on February 21, 2018. ECF Dkt. #1. Plaintiff filed a brief on the merits on May 25, 2018. ECF Dkt. #14. Defendant filed a response brief on June 22, 2018. ECF Dkt. #15. Plaintiff filed a reply brief on July 6, 2018. ECF Dkt. #16.

## II.     **RELEVANT PORTIONS OF THE ALJ'S DECISION**

On May 3, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 19. The ALJ stated that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, and that she had not engaged in substantial gainful activity since June 4, 2013, the alleged onset date. *Id.* at 24. Continuing, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and thoracic spine; fibromyalgia; diabetes mellitus; carpal tunnel syndrome of the left upper extremity; arthritis of the left knee; bipolar II disorder; generalized anxiety disorder; and social anxiety disorder. *Id.* The ALJ then indicated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 25.

After consideration of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following additional limitations: occasionally push or pull; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; frequently reach overhead and forward in all directions; frequently handle and finger with the left upper extremity; needs a sit/stand option provided that she will not be off-task more than 8% of the workday; must be able to prop her feet up during breaks; occasional exposure to extreme cold and wetness; occasional exposure to hazards including moving machinery and unprotected heights; limited to goal-based production work measured by end result, not pace

work; and limited to simple, routine, and repetitive tasks with only occasional changes in the work setting. Tr. at 27.

The ALJ then stated that Plaintiff was unable to perform any past relevant work, was a younger individual on the alleged onset date, had a high school education, and was able to communicate in English. Tr. at 32. Next, the ALJ indicated that the transferability of job skills was not material to the determination of disability because the Medical-Vocational Rules supported a finding that Plaintiff was not disabled. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in that national economy that Plaintiff could perform. *Id.* For these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 4, 2013, through the date of the decision. *Id.* at 33.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.　STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V.　LAW AND ANALYSIS

Plaintiff asserts that the ALJ's RFC finding is not supported by substantial evidence because the only medical opinions regarding her physical limitations predated four years of significant medical developments. ECF Dkt. #14 at 13-18. Specifically, Plaintiff states that the

-4-

only professional medical assessments of her physical impairments came from non-examining physicians. *Id.* at 13. Plaintiff avers that the only medical opinions regarding her physical capabilities were issued in June 2013 despite four years of subsequent medical development. *Id.* Continuing, Plaintiff indicates that the state agency medical consultants determined that they were required to adopt the RFC finding of the prior ALJ pursuant to *Drummond* despite significant medical developments. *Id.* at 14 (internal citations omitted). Plaintiff asserts that the record shows medical developments that are new and material and thus *res judicata,* as imposed by *Drummond*, is not applicable. *Id.* Regarding the new and material evidence, Plaintiff notes: EMGs and MRIs showing issues in her wrist and spine; a left knee fracture; worsening carpal tunnel syndrome; and the establishment of treatment with a pain specialist due to fibromyalgia. *Id.* at 14-15.

Plaintiff then states that the ALJ properly recognized the new and material evidence and issued a different RFC finding than the prior ALJ. ECF Dkt. #14 at 15. Continuing, Plaintiff claims that the ALJ recognized that the opinion evidence was stale when it was assigned only "some weight." *Id.* Plaintiff argues that since there is no medical opinion providing an updated assessment of Plaintiff's limitations, "the RFC cannot possibly be supported by substantial evidence." *Id.* After recognizing that the RFC finding is the responsibility of the ALJ, Plaintiff states:

> [S]ignificant case law in this district confirm[s] the general principle that the ALJ must generally obtain a medical expert opinion when formulating the RFC unless the medical evidence shows relatively little physical impairment such that the ALJ can permissibly render a commonsense judgment about functional capacity.

*Id.* at 16. Plaintiff then cites a case from the Eastern District of Michigan. *Id.* Additionally, Plaintiff claims that a substantial number of other courts in the Sixth Circuit have "expressed the notion that an ALJ's own interpretation of the evidence is not substantial evidence that cannot support an RFC determination." ECF Dkt. #14 at 16 (internal citations omitted). Plaintiff asserts that an ALJ's interpretation of medical evidence and its arbitrary conversion into specific functional limitations is not reasonable and should not be considered substantial evidence that can support a RFC finding. *Id.* at 17-18.

-5-

Defendant contends that substantial evidence supports the ALJ's RFC finding and that the ALJ properly considered the subjective symptoms and medical opinion evidence when evaluating Plaintiff's symptoms and determining her RFC. ECF Dkt. #15 at 10. Specifically, Defendant asserts that the ALJ's RFC finding was substantially similar to the findings of the state agency medical consultants and the prior ALJ, and that the ALJ explained any deviation. *Id.* According to Defendant, Plaintiff did not meet her burden of providing medical opinion evidence that supported her assertion that she was more limited than the ALJ's RFC finding. *Id.* Defendant states that the ALJ noted: discrepancies between Plaintiff's statements and the other evidence of record; that Plaintiff's impairments improved with treatment; a lack of mental health treatment; activities of daily living that were inconsistent with disabling impairments; and medical opinion evidence that was inconsistent with disabling impairments. *Id.* at 11-13. Regarding Plaintiff's activities of daily living, Defendant indicates that the ALJ discussed the following activities performed by Plaintiff: chores such as laundry and grocery shopping; driving; using a computer and smart phone; reading newspapers, magazines, and books for short periods of time; attending church; occasionally visiting with her mother and brother; membership at a health club; and swimming and walking. ECF Dkt. #15 at 13. Defendant also states that the ALJ noted that Plaintiff had no care for her mental health symptoms and no records showed that Plaintiff was in counseling or was hospitalized. *Id.*

Continuing, Defendant indicates that the ALJ considered the medical opinion evidence and gave "some weight" to the opinions of the state agency medical consultants submitted in 2015. ECF Dkt. #15 at 14. Defendant states that the ALJ gave "significant weight" to the findings of the state agency psychological consultants who adopted the mental RFC findings of the prior ALJ. *Id.* at 15. Additionally, Defendant notes that the ALJ discussed Plaintiff's subjective symptoms and explained why those statements were not entirely credible. *Id.* Further, Defendant states that, contrary to Plaintiff's assertion, the ALJ recognized that the state agency physicians that submitted opinions in 2015 considered the new evidence and did not find that the evidence showed any new functional limitations. *Id.* Defendant contends that this

finding is consistent with the fact that none of Plaintiff's treating physicians from the relevant period opined that Plaintiff had any work-related limitations. *Id.*

According to Defendant, the ALJ relied upon the medical opinion evidence when determining Plaintiff's RFC and did not rely on outdated medical opinions. ECF Dkt. #15 at 18. Defendant states that the ALJ relied upon the opinions submitted in 2015 that considered the evidence from the current relevant time period. *Id.* Regarding the lack of new opinion evidence, Defendant asserts that Plaintiff fails to address the fact that it is her burden to prove the extent of her limitations and she provided no evidence substantiating the claim that she was more limited than stated in the RFC finding. *Id.* Insofar as Plaintiff claims that the ALJ improperly interpreted raw medical data, Defendant contends that the ALJ was not required to base the RFC finding entirely upon the opinion evidence. *Id.* at 19 (citing *Downs v. Comm'r of Soc. Sec.*, 634 F. App'x 551, 553 (6th Cir. 2014); *Griffith v. Comm's of Soc. Sec.*, 582 F. App'x 555, 562 (6th Cir. 2014); 20 C.F.R. §§ 404.1545, 404.1546, 416.945, 416.946). Finally, Defendant asserts that the ALJ was not required to obtain additional evidence, especially considering that Plaintiff provided no opinion evidence to dispute the ALJ's RFC finding or the opinions of the state agency physicians. *Id.* at 20.

Plaintiff's argument is without merit and the ALJ's decision is supported by substantial evidence. After a thorough discussion of the medical evidence presented in this case, the ALJ explained that Plaintiff's statements regarding the severity of her symptoms were not fully credible. Tr. at 27-30. The ALJ supported this conclusion with numerous citations to the medical record and Plaintiff's activities of daily living, as discussed above. *Id.* at 30-31. Continuing, the ALJ discussed the opinion evidence submitted by the state agency medical consultants. The ALJ explained why "some weight" was assigned to the opinions and incorporated portions of the opinions in the RFC finding. *Id.* at 27, 31. Additionally, the ALJ addressed the opinions of the state agency psychological consultants and incorporated their assessments in the RFC finding. *Id.* The ALJ then explained that "some weight" was assigned to the opinion of the consultative psychological examiner and noted that Plaintiff did not

complain of mental impairments at the hearing and had "no real" mention of treatment for mental impairments. *Id.* at 31.

In her brief on the merits, Plaintiff first asserts that the state agency medical consultants improperly adopted the findings of the prior ALJ pursuant to *Drummond*. ECF Dkt. #14 at13-15. However, the ALJ assigned only "some weight" to these opinions and then discussed the new medical evidence when formulating the RFC finding. Further, any contention that the opinions of the state agency medical consultants were stale is without merit as the consultants reviewed the new evidence and determined that it was not sufficient to warrant a finding that was different than the finding of the prior ALJ.

Plaintiff also asserts that the ALJ improperly evaluated the new medical evidence without new opinion evidence. It is Plaintiff's burden to establish that she is disabled. *Moon*, 923 F.2d at 1181. Here, Plaintiff fails to provide any new opinion evidence and then faults the ALJ for not seeking out such evidence when issuing the decision. Plaintiff cites no rule or regulation requiring that the ALJ create and/or obtain new opinion evidence for her benefit.[3] Although Plaintiff faults the ALJ for considering the new medical evidence without an opinion, it was Plaintiff's burden to provide such an opinion. Plaintiff cannot file applications for DIB and SSI that are not supported by the opinion evidence she desires and then fault the ALJ for the lack of such evidence. Accordingly, the ALJ's decision is supported by substantial evidence and Plaintiff's case is dismissed in its entirety.

## **VI.    CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: February 19, 2019              */s/George J. Limbert*
                                                                            GEORGE J. LIMBERT
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[3]Contrary to Plaintiff's assertion, Social Security Ruling 96-6p leaves the determination of whether new opinion evidence must be obtained to "the opinion" of the ALJ.